ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ORIENTAL BANK<br><br>Recurrido<br><br>v.<br><br>**ADRIÁN MERCADO JIMÉNEZ**, TERESA VIZCARRONDO TORO por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos; FIDEICOMISO MERCADO VIZCARRONDO MANAGEMENT CORP.<br><br>Peticionario | KLCE202400094 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: KCD2010-1717<br><br>Sobre: Cobro de dinero y Solicitud de fraude contra acreedores |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2024.

El 23 de enero de 2024, la parte demandada y peticionaria del título, Lcdo. Adrián Mercado Jiménez (licenciado Mercado Jiménez o peticionario), compareció por derecho propio mediante el presente recurso de *Certiorari*. Solicita la revocación de la *Resolución* emitida el 16 de octubre de 2023, notificada el día 18 siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan.[1]

Mediante dicha determinación, el foro *a quo* declaró sin lugar una *Solicitud de Recusación*[2] presentada por el licenciado Mercado Jiménez en contra de la Hon. Valerie Concepción Cintrón, a quien imputó que no había leído el expediente. Ello así, porque, luego de dejar sin efecto la *Orden* de archivo administrativo de 25 de mayo

---

[1] Apéndice del recurso, págs. 99; 100-105.
[2] Apéndice del recurso, págs. 53-56 y anejos a las págs. 57-98.

Número Identificador

RES2024 _____

de 2021,[3] la Magistrada Concepción Cintrón ordenó lo siguiente el 11 de agosto de 2023:[4]

.    .    .    .    .    .    .    .

2. Se concede un término de 20 días a la Parte Demandada para que comparezca al pleito para informar cómo va a proceder, en término de representación legal.

3. En caso de que la dificultad de salud persista, la Parte Demandada tiene hasta el 15 de octubre de 2023 para que comparezca con nueva representación legal.

.    .    .    .    .    .    .    .

Debido a que el licenciado Mercado Jiménez ha comparecido por derecho propio al pleito desde sus inicios, infirió que la Jueza Concepción Cintrón había omitido la lectura del expediente en su totalidad al emitir el referido pronunciamiento judicial. A esos efectos, expresó que había perdido la fe y confianza en tener un juicio efectivo, imparcial e íntegro.

Al ponderar la solicitud, en su denegación, la Hon. Glorianne Lotti Rodríguez expresó:

Reiteradamente se ha reconocido que el derecho provisto por ley para recusar a un Juez **no debe ser instrumento para causar demoras innecesarias**, ni para entorpecer los procedimientos de un juicio, pues de otra manera lo que debería ser una sabia norma para garantizar justicia e imparcialidad, se convertiría en una estrategia dilatoria para los abogados o las partes. Pueblo v. Pacheco, 83 D.P.R. 285 (1961).

Según expusimos anteriormente, la moción de recusación del demandado, Lcdo. Adrián Mercado[,] está basad[a] en su inferencia o percepción de que la Hon. Valerie Concepción Cintrón no ha leído en su totalidad el expediente judicial por la orden emitida el 11 de agosto de 2023, para que dicha parte informara el proceder en término de representación legal. Indicó que ha perdido la confianza en el sistema judicial.

Surge del expediente judicial que la parte demandada, Adrián Mercado desde el comienzo del caso ha comparecido como "pro se" auto-representándose, en unión con los Lcdo. Juan Jesús Ramírez Rivera, Lcdo. José Rafael Ramírez Ramos, y posteriormente por el Lcdo. Ram[ó]n Luis Hernández. Aunque la mayoría de los escritos están suscritos

---

[3] Apéndice del recurso, pág. 49.
[4] Apéndice del recurso, pág. 52.

únicamente por el demandado y abogado, Adrián Mercado[,] la parte demandada tiene otros abogados de record [*sic*]. No encontramos en el expediente judicial ninguna moción solicitando renuncia de representación legal de los Lcdo. Ramírez Rivera, Lcdo. Ramírez Ramos ni del Lcdo. Hernández ni determinación del tribunal relevando a dichos abogados de la representación legal de la parte demandada. No obstante, fue el Lcdo. Ricardo Pascual Villaronga, yerno del Lcdo. Mercado Jiménez[,] quien ha comparecido en tres (3) ocasiones de manera especial a informar la situación de salud del Sr. Mercado.

No hay nada en el expediente que demuestre que la alegada pérdida de confianza del Lcdo. Adrián Mercado en el sistema judicial se deba a alguna actuación de la Hon. Valerie Concepción. El caso data del año 2010 y por los últimos dos años estuvo paralizado en consideración de [la] salud del demandado y licenciado Adrián Mercado. Ninguno de los otros abogados de record [*sic*] de la parte demandada han [*sic*] comparecido. Por ello, la orden del Tribunal para que la parte demandada inform[e] el curso a seguir en cuanto a su representación legal no denota que la magistrada no se ha leído el expediente judicial o que no conozca las controversias que tiene ante su consideración. No encontramos ningún fundamento legal que d[é] base a la procedencia de una solicitud de recusación por parte de la Hon. Valerie Concepción [Cintrón]. El caso est[á] pendiente de la celebración de la Vista de Conferencia con Antelación a Juicio y Juicio.[5] (Énfasis en el original).

El licenciado Mercado Jiménez, sin embargo, no estuvo satisfecho con la determinación por lo que presentó una *Moción de Reconsideración y Solicitud de Recusación*,[6] la cual fue declarada sin lugar mediante la *Resolución* emitida el 22 de diciembre de 2023 y notificada el 26 de diciembre de 2023.[7] Aún en desacuerdo, el peticionario compareció oportunamente ante nos, mediante la presentación del recurso del epígrafe. En éste, alegó la comisión del siguiente error:

INCIDIÓ Y ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE RECUSACIÓN POR NO LEER EL EXPEDIENTE, LO CUAL ES, ENTRE OTRAS COSAS, DEBER MINISTERIAL Y PRIVA AL RECURRENTE DE COMPARECER Y LITIGAR EN UNA SANA, JUSTA Y EFICIENTE ADMINISTRACIÓN JUDICIAL, TODO ELLO

---

[5] Apéndice del recurso, págs. 104-105.
[6] Apéndice del recurso, págs. 106-112 y anejos a las págs. 113-115.
[7] Apéndice del recurso, págs. 116-117.

CAUSANDO AL RECURRENTE PERDER LA FE EN UN PROCESO JUSTO EN ESTE LITIGIO.

Acordamos eximir a la parte recurrida de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. Como se conoce, la norma provee para que este Tribunal de Apelaciones prescinda de "términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

Evaluada la petición de *Certiorari* y su apéndice, surge palmariamente que no procede nuestra intervención. Somos de la opinión que el análisis esbozado por la Jueza Lotti Rodríguez en la *Resolución* recurrida es cónsona con las normas de Derecho aplicables a la recusación o inhibición de los jueces del Tribunal General de Justicia.[8] Nótese que, en este caso, si bien el peticionario ha comparecido por derecho propio al pleito en su contra, también otros representantes legales han participado en el litigio en nombre de la parte demandada, la cual está conformada por el peticionario, su cónyuge y un ente jurídico. Además, luego de un archivo administrativo de dos años por razones de la salud del peticionario, la Jueza Concepción Cintrón, en el manejo del caso, requirió información actualizada acerca de cómo la parte demandada procedería con su representación legal. Asimismo, la Jueza Concepción Cintrón proveyó instrucciones alternativas, en el supuesto de que la dificultad de salud del licenciado Mercado Jiménez aún persistiera.

Según lo expuesto, colegimos que el recurso discrecional que nos ocupa no satisface los criterios contenidos en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, ni los de la Regla 40 del

---

[8] La inhibición y recusación de jueces están reguladas por los Cánones de Ética Judicial, 4 LPRA Ap. IV-B., así como por las Reglas 63.1 y 63.2 de Procedimiento Civil, 32 LPRA Ap. V.

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Así pues, procede DENEGAR la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones